UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

YVES CADOT, and other similarly situated individuals,

        Plaintiff(s),

v.

GOURMET KOSHER, LLC. d/b/a Gourmet Kosher, f/k/a EMERALD CATERING EVENTS; GOURMET KOSHER MANAGEMENT COMPANY d/b/a Gourmet Kosher, and MENACHEM M. HAYES,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff YVES CADOT (the "Plaintiff") and other similarly situated individuals sue GOURMET KOSHER, LLC. d/b/a Gourmet Kosher, f/k/a EMERALD CATERING EVENTS; GOURMET KOSHER MANAGEMENT COMPANY d/b/a Gourmet Kosher; and MENACHEM M. HAYES (collectively, the "Defendants") and allege:

### I.      JURISDICTION

1.      This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. (the "ADEA"); the Florida Civil Rights Act, Section 760.10, *et seq.* (the "FCRA"), and Title VII of the Civil Rights Act of 1963, as amended, 42 U.S.C.A. §§ 2000e et seq.

2.      This is also an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the "FLSA" or the "Act").

3.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## I.      VENUE

4.      The Defendants GOURMET KOSHER, LLC. d/b/a Gourmet Kosher, f/k/a EMERALD CATERING EVENTS; GOURMET KOSHER MANAGEMENT COMPANY d/b/a Gourmet Kosher (the "Corporate Defendants") are companies duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

5.      The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the FLSA.

6.      Plaintiff worked for the Defendants in Miami-Dade County, Florida.

7.      At all times material the Corporate Defendants were and are engaged in interstate commerce.

8.      Defendant MENACHEM M. HAYES (the "Individual Defendant"), upon information and belief, resides in Miami-Dade County, Florida.

9.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

10.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

11.     The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

12.     The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

13.     Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

14.     The Individual Defendant owns both Corporate Defendants, is a Manager in both Corporate Defendants, and both Corporate Defendants share the same fictitious name, share an office and share a principal address.

## II.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15.    At all times material, the Plaintiff was employed by the Defendants as a driver from September 20, 2020, until his wrongful termination on July 26, 2024.

16.    The Plaintiff performed his work in a satisfactory manner and was never written up by the Defendants.

17.    The Plaintiff is a 61-year-old Haitian man. When he began working for the Defendants, he was 56/57 years old.

18.    Defendants initially hired Plaintiff to help in the packaging area of their business. He was later promoted to driver for the Defendants' business.

19.    Subject to discovery, Plaintiff's work schedule at the Defendants varied, but on average Plaintiff worked 50 to 60 hours per week, 5 to 7 days per week.

20.    Plaintiff's hourly rate and overtime rate also varied. Plaintiff's hourly rate was at least $15.5 per hour. However, when Plaintiff worked overtime, sometimes the Defendants paid him $15 per hour and sometimes the Defendants paid him $20 per hour, even though Plaintiff's hourly rate was at least $15.5 per hour. This means that Defendants failed to pay Plaintiff 1.5 times per hour when he worked over 40 hours per week.

21.    On or about July 24, 2024, Plaintiff heard rumors that he was going to be replaced by a younger individual, who was willing to have intimate relations with the Corporate Defendants' owner. Plaintiff also learned that the Corporate Defendants wanted to get rid of him because he was an "old man".

22.    Upon information and belief, Berman (unknown last name) suggested to the Corporate Defendant's owner that Plaintiff be terminated because of his age and that the

Corporate Defendants replace Plaintiff with Berman (unknown last name), a male in his 30s.

23.     Around the same time, Corporate Defendant's owner began to sexually harass Plaintiff by insinuating that he should stick a piece of ice up his butt. Plaintiff objected to the discriminatory remarks, to no avail.

24.     Plaintiff was never willing to have intimate relations with the Corporate Defendants' owner.

25.     Non-Haitian employees of Defendants were not disrespected to harassed or called "old man" while Plaintiff worked for Defendants.

26.     On or about July 26, 2026, the Defendants terminated the Plaintiff, alleging that the business was slow and was going to close.

27.     On or about the week of July 29, 2024, the Defendants hired Berman (unknown last name) to effectively replace Plaintiff. Berman is not Haitian. Corporate Defendants' owner is not Haitian.

28.     All conditions precedent to bringing this action have occurred, been performed or been excused.

29.     The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: SEX DISCRIMINATION (DISPARATE TREATMENT) – TITLE VII**

30.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31.     At all times pertinent hereto, the Corporate Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

32.     At all times material, Corporate Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630.

33.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.  The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

34.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

35.     The Plaintiff's sex or sexual orientation was a motivating factor that caused the Corporate Defendants to discriminate against the Plaintiff.

36.     The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

37.     Corporate Defendants acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Corporate Defendants to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

b. Issue an order requiring the Corporate Defendants to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Corporate Defendants to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for her/his emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT II: SEX DISCRIMINATION (RETALIATION) – TITLE VII

38. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 -29 above as if set out in full herein.

39. At all times pertinent hereto, Corporate Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

40.     At all times material, Corporate Defendants was a "person" and an "employer" as defined by 29 U.S.C. § 630.

41.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

     a.     The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

     b.     More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

     c.     The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

42.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

43.     The Plaintiff objected to being the subject of sex discrimination and harassment. As a result, he was terminated.

44.     The Plaintiff sustained emotional suffering and injury attributable to the harassment.

45.     Corporate Defendants acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Corporate Defendants to cease and desist from the conduct described in Count II of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Corporate Defendants to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct

described in Count II of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Corporate Defendants to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for her emotional suffering.

g.  Award the Plaintiff punitive damages.

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT III: UNPAID OVERTIME (CORPORATE DEFENDANTS) – FLSA

46.  The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 -29 above as if set out in full herein.

47.  The Plaintiff is a covered employee for purposes of the Act.

48.  This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his

employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

49.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

50.     At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which sold and/or marketed their services and/or goods to customers from throughout the United States and also provided their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do their business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to their employees.

51.     Upon information and belief, the combined annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

52.     Alternatively, each Corporate Defendant's annual gross revenue was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

53.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are Kosher food providers and, through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a driver for the Corporate Defendants' business.

54.     While employed by the Corporate Defendants the Plaintiff worked approximately an average of 50-60 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. The Plaintiff was employed as a driver performing the same or similar duties as that of those other similarly drivers whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

55.     The Plaintiff worked for the Corporate Defendant from approximately September 20, 2020, to July 26, 2024. In total, the Plaintiff worked approximately 123 compensable weeks under the Act, or 123 compensable weeks if counted 3 years back from the filing of the instant action.

56.     The Corporate Defendant paid the Plaintiff on average approximately $15.5 per hour.

57.     However, the Corporate Defendant did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

58.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

59.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

 a.  Actual Damages: $19,065.

 i.     Calculation: $15.5 (hourly pay) x .5 (overtime rate) x 20 (approximate number of overtime hours) x 125 (compensable weeks) = $19,065;

 b.  Liquidated Damages: $19,065;

 c.  Total Damages: $38,130 plus reasonable attorneys' fees and costs of suit.

60.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

61.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of

the Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

62.     The Corporate Defendants willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

63.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**THE SAENZ LAW FIRM PA (WWW.LEGALOPINIONUSA.COM)**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                          www.Cash4myCase.com

## COUNT IV: UNPAID OVERTIME (INDIVIDUAL DEFENDANT) – FLSA

64.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 -29 above as if set out in full herein.

65.     The Plaintiff is a covered employee for purposes of the Act.

66.     At the times mentioned, the Individual Defendant was, and is now, the owner and manager of the Corporate Defendants. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with his work schedule, and is jointly liable for the Plaintiff's damages.

67.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

68.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

69.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT V: AGE DISCRIMINATION (DISPARATE TREATMENT) – ADEA**

70. The Plaintiff repeats and re-alleges paragraphs 1 – 29 as if fully stated herein.

71. At all times pertinent hereto, the Corporate Defendants have been engaged in an industry affecting commerce and have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

72. At all times material hereto, Corporate Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630.

73. At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

74. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

75. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

76. At all times material to this action, the Corporate Defendants engaged in unlawful discrimination against the Plaintiff due to his age, in violation of the ADEA.

77. The Plaintiff is over 40 years old and is within a protected class.

78. The Plaintiff was qualified to perform his job as a driver.

79. Corporate Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating the Plaintiff due to his age.

80. The effect of the practices complained of in the complaint has been to deprive the Plaintiff of equal employment opportunities, specifically his employment, because of his age.

81. As a direct and proximate result of the intentional violations by the Corporate Defendants, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Corporate Defendants, the Plaintiff has been, is being, and will be

in the future, deprived of income in the form of wages and of prospective benefits solely because of the Corporate Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Corporate Defendants for their violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT VI: AGE DISCRIMINATION (DISPARATE TREATMENT) – FCRA**

82. The Plaintiff re-states and re-alleges paragraphs 1 - 29 as if set forth in full herein.

83. At all times pertinent hereto, Corporate Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

84. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

85. At all times material, Corporate Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

86. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

87.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

88.   At all times material hereto, the Corporate Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

89.   The Plaintiff is a member of protected class of citizens.

90.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory environment because of his age.

91.   Similarly situated employees who are not as old as Plaintiff were not subjected to the conduct described in this complaint.

92.   The Plaintiff was and is qualified for his position while working for the Defendant.

93.   The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his age in the terms, conditions, and privileges of his employment.

94.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

95.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his age.

96.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

97.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT VII: NATIONAL ORIGIN DISCRIMINATION (DISPARATE TREATMENT) – FCRA

98. The Plaintiff re-states and re-alleges paragraphs 1 - 29 as if set forth in full herein.

99. At all times pertinent hereto, Corporate Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

100. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

101. At all times material, Corporate Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

102. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

103. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

104. At all times material hereto, the Corporate Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that

it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

105.   The Plaintiff is a member of protected class of citizens.

106.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory environment because of his national origin.

107.   Similarly situated employees who are not Haitian were not subjected to the conduct described in this complaint.

108.   The Plaintiff was and is qualified for his position while working for the Defendant.

109.   The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his national origin in the terms, conditions, and privileges of his employment.

110.   As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

111.   Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his national origin.

112.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

113.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

d.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

e.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis national origin.

f.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.  Award a monetary judgment representing prejudgment interest;

h.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

i.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

j.  Grant such other and further relief as the Court deems just and proper.


The Plaintiff demands trial by jury of all issues so triable as of right.

Dated: March 13, 2025.


Respectfully submitted,

By**:   /s/ R. Martin Saenz**
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: martin@legalopinionusa.com

THE SAENZ LAW FIRM, P.A.
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 482-1475
*Counsel for Plaintiff*