UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| YVES CADOT and all other similarly situated individuals, ) ) ) | Case No.: 25-cv-21197-WPD |
| Plaintiff, ) ) | |
| vs. ) ) | |
| GOURMET KOSHER, LLC. d/b/a Gourmet Kosher, f/k/a EMERALD CATERING EVENTS; GOURMENT KOSHER MANAGEMENT COMPANY d/b/a Gourmet Kosher, and MENACHEM M. HAYES ) ) ) ) ) | |
| Defendants. | |

_____

## **DEFENDANTS' ANSWER TO [DE43] FIRST AMENDED COMPLAINT**

COME NOW THE CORPORATE AND INDIVIDUAL DEFENDANTS, THROUGH

COUNSEL, AND ANSWER PLAINTIFF'S AMENDED COMPLAINT AS FOLLOWS:

Preliminary statement:

This Answer applies to the claims that were *not* dismissed as per [DE52].

1.  Denied as phrased.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  Admitted that Dade County is where Plaintiff worked for Defendants.

8.  Admitted.

1

**ANSWER TO FACTUAL ALLEGATIONS:**

9.  Denied as to wrongful termination, admitted as to dates of Plaintiff's employment with Defendants.

10. Denied as phrased.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied as phrased.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

Counts I and II, paragraph numbers 34 through 63 have been dismissed as per DE52 and will not be responded to herein as such.

## COUNT III

64. Defendants re-adopt their answer to paragraphs 1-33 herein.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

All demands for relief associated with Count III are Denied.

## COUNT IV

72. Defendants re-adopt their answer to paragraphs 1-33 herein.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

3

79. Denied.

All demands for relief associated with Count IV are Denied.

Counts V, VI, VII, VIII, comprising paragraphs 80 through 109 have been dismissed as per DE52 and will not be responded to herein.

## COUNT IX (MISLABELED AS COUNT VIIII)

Defendants re-adopt their answer to paragraphs 1-33 herein.

110. Admitted.

111. Admitted.

112. Admitted.

113. Admitted.

114. Denied as phrased.

115. Denied.

116. Denied.

117. Denied as phrased.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

All Relief requested as part of Count IX (mislabeled as VIIII) for Overtime Pay is Denied.

## COUNT X

Defendants re-adopt their answer to paragraphs 1-33 herein.

126. Admitted.

127. Admitted.

128. Admitted.

129. Admitted.

130. Denied as phrased.

131. Denied.

132. Denied.

133. Denied as phrased.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

All Relief requested as part of Count X for Overtime Pay is Denied.

## COUNT XI

Defendants re-adopt their answer to paragraphs 1-33 herein.

142. Admitted.

143. Admitted.

144. Admitted.

145. Admitted.

146. Denied as phrased.

147. Denied.

148. Denied.

149. Denied as phrased.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied, including all subparts.

155. Denied.

156. Denied.

All Relief requested as part of Count XI for Overtime Pay is Denied.

All allegations not specifically addressed herein, are Denied. Defendants request a trial by jury for all claims asserted by the Plaintiff.

## **AFFIRMATIVE DEFENSES:**

1.      The Plaintiff was discharged based on reasonable factors and his age was not considered as a basis for termination.

6

2. The Plaintiff was discharged for good cause and for legitimate, non-discriminatory reasons.

3. The Plaintiff's age had nothing to do with his compensation, terms, conditions, status, or privileges of employment while he was employed by the Defendants.

4. Defendants did not limit, segregate, or classify Plaintiff in any way which would deprive Plaintiff of work opportunities based on Plaintiff's age.

5. Plaintiff's termination and all other actions taken in relation to Plaintiff's job while employed by the Defendants was/were based on reasonable factors other than Plaintiff's age and were objectively reasonable when viewed from the position of a prudent employer mindful of its responsibilities under federal and state law.

6. Plaintiff has failed to exhaust pre-suit administrative remedies prior to asserting his age-based discrimination claims and therefore these claims are deficient and are barred and must be dismissed.

7. Defendants assert the applicable statute of limitations to Plaintiff's age discrimination claims as a time bar to assert said claims.

8. Plaintiff's age discrimination claims fail to state causes of action.

9. Defendants had legitimate, non-discriminatory, and non-retaliatory reasons for all actions concerning Plaintiff's employment including, but not limited to, Plaintiff's termination.

10. Plaintiff has failed to exhaust his administrative remedies prior to filing and maintaining an action under the ADEA and the FCRA.

11. Plaintiff has failed to satisfy conditions precedent to filing and maintaining the instant action.

12. Plaintiff's claims are barred by the applicable statute of limitations.

7

13. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

14. Any employment actions Defendants took with regard to the Plaintiff were motivated by legitimate, non-discriminatory business reasons unrelated to Plaintiff's age.

15. Assuming *arguendo* that Plaintiff's age was a factor in any employment decision regarding Plaintiff's employment, said employment decision would have been made anyway for reasons unrelated to Plaintiff's age.

16. Plaintiff's claim for damages is subject to the limitations set forth in the ADEA.

17. Plaintiff's claim for damages is subject to the limitations set forth in Section 760.11, Florida Statutes.

18. Plaintiff has failed to show that Defendants' alleged conduct was with malice or reckless indifference as to Plaintiff's federally protected rights.

19. Plaintiff has failed to mitigate any damages he may have suffered as a result of the allegations of his Complaint.

20. Defendants reserve the right to raise additional affirmative defenses as this case progresses.

### Affirmative Defenses to FLSA overtime claims:

1. Defendants' actions, individually and collectively, were taken and carried out in good faith both subjectively and objectively and, therefore, liquidated damages should not apply to any overtime award to Plaintiff.

2. Defendants' actions, individually and collectively, were not willful nor reckless.

3. Plaintiff's overtime claims are barred by the two-year (maximum three year) statute of limitations applicable to said claims.

8

4.      Plaintiff's overtime claims are *de minimus*, if any overtime is owed.

5.      The Portal-to-Portal Act bars preliminary and postliminary time claimed by Plaintiff as part of his overtime claims.

6.      Plaintiff's bona fide lunch periods and/or rest periods are non-compensable as part of Plaintiff's overtime claims.

7.      Plaintiff's overtime claims are based on non-compensable time that was spent not for the Defendants' primary benefit.

8.      Plaintiff did not work overtime for which he was improperly compensated.

9.      Defendants are entitled to an offset for any overtime owed to Plaintiff if liability can be established.

Respectfully Submitted,

*/s/ Jamie H. Zidell, Esq.*
Jamie H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Defendants
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com
Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CMECF TO ALL COUNSEL OF RECORD ON 10/28/2025.

By*: /s/ Jamie H. Zidell*
Jamie H. Zidell, Esq.

9